# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY J. DENOMA,<br>    Plaintiff, | Case No. 1:20-cv-470 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| JUDGE TOM HEEKIN, et. al,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Judge Tom Heekin, Prosecuting Attorney Joseph T. Deters, and Sheriff Jim Neil. Plaintiff alleges in the complaint that defendants conspired to deprive him of his constitutional rights, claiming that although he is exempt from complying with sex-offender registration requirements, he was charged with one count of failing to register in Hamilton County Court of Common Pleas case number B 2000836. Plaintiff alleges that the defendants conspired to retroactively reclassify and subject him to the registration requirements, fraudulently obtain an indictment based on his failure to register, and detain him on charges of failing to register. (*See* Doc. 5). For relief plaintiff seeks an injunction that he not be required to register, that defendants be precluded from prosecuting or sentencing him, and that his prior convictions be set aside. (*See id.* at PageID 172, 74).

On July 28, 2020, the undersigned recommended that this action be dismissed at the screening stage. (Doc. 6). Specifically, the undersigned found that plaintiff failed to state a cognizable claim of conspiracy and that defendants Heekin and Deters are entitled to judicial and prosecutorial immunity. Furthermore, the undersigned recommended that the Court should refrain from interfering with plaintiff's pending state proceedings under *Younger v. Harris*, 470 U.S. 37, 44–45 (1971).

Plaintiff has now filed a "motion for leave to amend and supplement complaint adding defendants names for continuing deprivation of rights." Plaintiff's motion (Doc. 13) is hereby **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1)(B). This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

The amended complaint names additional defendants and claims the allegations contained in the original complaint are ongoing. (*See* Doc. 13).

For the reasons stated in the July 28, 2020 Report and Recommendation plaintiff's complaint, as amended, should be dismissed at the screening stage. Specifically, the amended complaint does not alter the undersigned's opinion that plaintiff's factual allegations are insufficient to state a conspiracy claim or change the applicability of prosecutorial and judicial immunity. (*See id.*). Furthermore, plaintiff's state court criminal case remains pending in the Hamilton County Court of Common Pleas. On November 30, 2020, the court issued an entry of continuance at the request of the defendant, continuing the case until January 11, 2021.[1]

As noted in the pending Report and Recommendation, a federal court must decline to interfere with pending state proceedings involving important state interests in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings

---

[1] Viewed at https://www.courtclerk.org/ under Case No. B 2000836. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

2

involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, Mr. DeNoma's case is currently pending in the Hamilton County Court of Common Pleas. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal case implicates important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal petitioner. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possesses an adequate opportunity to raise any constitutional issues in his pending state court action or in a

subsequent appeal.[2] Because plaintiff has failed to allege facts suggesting the existence of extraordinary circumstances barring abstention, abstention under *Younger* is appropriate.

Accordingly, the complaint as amended should be dismissed without prejudice. (*See* Doc. 13 at PageID 291-292). In light of the recommendation that this action be dismissed at the screening stage, it is further recommended that plaintiff's remaining pending motions[3] be denied as moot. (Doc. 11, 12, 14, 15, 16, 17, 18).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to amend (Doc. 13) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint, as amended, be **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's pending motions be denied as moot. (Doc. 11, 12, 14, 15, 16, 17, 18).

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] The Hamilton County docket sheet reflects that plaintiff has filed several motions in the state court challenging the applicability of the sex offender registration requirements and the pending criminal charges as unconstitutional. *See supra.* n.2.

[3] Plaintiff has filed three motions for judicial notice (Doc. 11, 12, 17) asserting "continuing deprivations of his civil rights" based on the allegations contained in the original and amended complaint, as well as two additional notices (Doc. 15, 19), two motions "for equitable tolling instanter extension of time" (Doc. 14, 16), and a motion for summary judgment and injunction (Doc. 18).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANTHONY J. DENOMA,  
    Plaintiff,

vs.

JUDGE TOM HEEKIN, et. al,  
    Defendants.

Case No. 1:20-cv-470

Barrett, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).