**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Anthony J. Denoma

    Plaintiff,

v.

Judge Tom Heekin, *et al.*,

    Defendants.

Case No. 1:20-cv-470

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's July 28, 2020 Report and Recommendations ("R&R") (Doc. 6); January 8, 2021 Order and R&R (Doc. 20); and Plaintiff's Objections to the R&Rs (Docs. 8, 23).

Also before the Court are Plaintiff's Motions for Equitable Tolling (Docs. 26, 27, 28, 30) and Motions for Leave to File Amended Complaint (Docs. 29, 30).

### I.    BACKGROUND

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983 against Defendants Judge Tom Heekin, Prosecuting Attorney Joseph Deters, and Sheriff Jim Neil. At the heart of Plaintiff's complaint is his claim that even though he is exempt from complying with sex-offender registration requirements, he was charged with one count of failing to register. By separate order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915. (Doc. 4).

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In her July 28, 2020 R&R, the Magistrate Judge concluded that Plaintiff's factual allegations are insufficient to suggest that Defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right, and therefore, plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983. The Magistrate Judge also concluded that Defendants Deters and Heekin are entitled to prosecutorial and judicial immunity. Therefore, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice.

In her January 8, 2021 Order and R&R, the Magistrate Judge permitted Plaintiff to amend his complaint, but concluded that despite the amendment, Plaintiff's Amended Complaint was insufficient to state a conspiracy claim or change the applicability of prosecutorial and judicial immunity. The Magistrate Judge also noted that Plaintiff's state court criminal case remained pending in the Hamilton County Court of Common Pleas. Finally, the Magistrate Judge denied Plaintiff's pending motions (Docs. 11, 12, 14,15, 16,17, 18) as moot.

II. ANALYSIS

A. Standard of Review

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden,*

*Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed."

*Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. July 28, 2020 Report & Recommendation

Plaintiff raises four objections to the Magistrate Judge's July 28, 2020 R&R: (1) that he effectively stated his valid claims; (2) Defendants did not have jurisdiction to have the Plaintiff charged and arrested for failure to register as a sex offender; (3) State officials seeking absolute immunity bear the burden of showing that such immunity is justified; and (4) 28 U.S.C § 1915 is unconstitutional under the Fourteenth Amendment of the United States Constitution.

As to Plaintiff's first objection, it is well-settled in the Sixth Circuit that conspiracy claims must be plead with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Construing the complaint liberally, Plaintiff's factual allegations are insufficient to suggest that Defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right. Plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983. Therefore, Plaintiff's first objection to the Magistrate Judge's July 28, 2020 R&R is OVERRULED.

Plaintiff's second and third objections to the Magistrate Judge's July 28, 2020 R&R also fail for reasons set forth by the Magistrate Judge in the R&R. First, a federal court must decline to interfere with pending state proceedings involving important state interests in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Second, Deters and Judge Heekin are entitled to prosecutorial and judicial immunity. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Accordingly, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Similarly, judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir.1985).

Here, Plaintiff alleges that Deters fraudulently obtained an indictment based on plaintiff's failure to comply with the sex offender registration. However, whether the prosecutor has an improper motive, acts in bad faith, or even acts in an unquestionably illegal manner is irrelevant. *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019) (citing *Cady v. Arenac County*, 574 F.3d 334, 341 (6th Cir. 2009)). Instead, "the critical inquiry is how closely related is the prosecutor's challenged activity to his *role*

*as an advocate* intimately associated with the judicial phase of the criminal process." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir.1993)). Accordingly, prosecutorial immunity extends to "'a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer.'" *Id*. (quoting *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir.1998)).

Plaintiff alleges that Judge Heekin continued his custody through a "Own Recognizance Bond" requiring him to register with the Sheriff's Department as a sex offender. However, such an act was a discretionary act of a judicial nature. *See King v. McCree,* No. 13-10567, 2013 WL 3878739, at *4 (E.D. Mich. July 26, 2013) (accepting guilty plea, enforcing payment plan, approving delayed sentence, placing plaintiff on a tether for failure to abide by payment plan, and transferring plaintiff's case to another judge are judicial acts)*, aff'd,* 573 F. App'x 430 (6th Cir. 2014); *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998) (actions taken by defendant in issuing the warrant and incarcerating plaintiff are of the type traditionally performed by judges), *aff'd*, 178 F.3d 1294 (6th Cir. 1999). Therefore, Plaintiff's second and third objections to the Magistrate Judge's July 28, 2020 R&R are OVERRULED.

Plaintiff's fourth objection fails similarly because Plaintiff has not alleged sufficient facts in the complaint. Plaintiff was not deprived of substantive or procedural due process due to the application of 28 U.S.C § 1915 to his case. Plaintiff was allowed to pursue his claims *pro se* and *in forma pauperis*. "As long as a judicial forum is available to a litigant, it cannot be said that the right of access to the courts has been denied." *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998) (holding that "[b]oth as written and as applied in this

6

case, § 1915(g) does not infringe upon the fundamental right of access to the courts."). Accordingly, Plaintiff's fourth objection to the Magistrate Judge's July 28, 2020 R&R is OVERRULED.

### C. January 8, 2021 Report & Recommendation

Plaintiff raises three objections to the Magistrate Judge's January 8, 2021 R&R: (1) Defendants Deters and Judge Heekin are "cooperating together in arbitrarily conducting unconstitutional proceedings to deprive DeNoma of his civil rights and Liberty, therefore DeNoma has sufficiently stated a cognizable claim of their conspiracy." (Doc. 23, PAGEID# 374); (2) 28 U.S.C § 1915 has previously been implemented to unconstitutionally deprive Plaintiff of his substantive and procedural due process rights; and (3) the sex-offender registration requirements do not apply to him as a first-time offender and Defendant Judge Heekin refuses to allow Plaintiff to represent himself "and appointed three different counsels who act only to obtain DeNoma's conviction." (Doc. 23, PAGEID# 374).

As explained above, Plaintiff has not stated a claim for a constitutional violation based on the application of 28 U.S.C § 1915 to his case. In addition, the Court has previously discussed why Plaintiff fails to state a cognizable claim of conspiracy; and explained that Defendants Heekin and Deters are entitled to judicial and prosecutorial immunity from Plaintiff's claims against them. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). This "[a]bsolute or 'quasi-

judicial' immunity derived from common-law immunity accorded to judges has been extended to prosecutors when the prosecutorial activity is 'intimately associated with the judicial phase of the criminal process.'" *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 430, 96 S.Ct. 984, 990, 995, 47 L.Ed.2d 128 (1976)). Because the acts described by Plaintiff are judicial functions, Defendants Deters and Judge Heekin are immune from Plaintiff's claims.

### D. Pending Motions

Subsequent to the entry of the Magistrate Judge's January 8, 2021 Order and R&R (Doc. 20), Plaintiff filed four Motions for Equitable Tolling (Docs. 26, 27, 28) and two Motions for Leave to File Amended Complaint (Docs. 29, 30).

In his most recently filed Motions for Leave to Amend, Plaintiff seeks to amend his complaint to add additional defendants and exhibits, but has not altered the allegations which form his claims. The Court GRANTS Plaintiff's Motions for Leave to File Amended Complaint (Docs. 29 30). However, the Court finds nothing in the amended complaint which would alter the conclusion that plaintiff fails to state a claim of conspiracy; Defendants Heekin and Deters are entitled to judicial and prosecutorial immunity; and this Court should refrain from interfering with Plaintiff's pending state proceedings pursuant to *Younger v. Harris*, 470 U.S. 37, 44-45 (1971).

Plaintiff also filed Motions for Equitable Tolling. (Docs. 26, 27, 28, 30). In these motions, Plaintiff explains that he is attempting to defend his liberty and equal protection rights and seeks equitable tolling so that those rights are not waived or forfeited. Based on the Court's ruling, Plaintiff's Motions for Equitable Tolling are DENIED as MOOT.

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&Rs to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's July 28, 2020 and January 8, 2021 R&Rs (Docs. 6, 20) are **ADOPTED** in their entirety, and Plaintiff's Objections are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's Motions for Leave to File Amended Complaint (Docs. 29, 30) are **GRANTED**;

2. Plaintiff's pending motions (Docs. 11, 12, 14,15, 16,17, 18) are **DENIED as MOOT**.

3. Plaintiff's complaint is **DISMISSED** without prejudice;

4. Plaintiff's Motions for Equitable Tolling (Docs. 26, 27, 28, 30) are **DENIED as MOOT**;

5. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore Plaintiff is **DENIED** leave to appeal i*n forma pauperis*. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977); and

6. This matter is **CLOSED** and **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                      JUDGE MICHAEL R. BARRETT